UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

WILLIE LEE BROOKS,

    Petitioner,

v.	Case No. 1:17-CV-504

JOSEPH BARRETT,	HON. GORDON J. QUIST

    Respondent.
_____/

# ORDER ADOPTING REPORT AND RECOMMENDATION

On August 7, 2017, Magistrate Judge Green issued a Report and Recommendation (R & R) recommending that the Court deny Petitioner's petition for writ of habeas corpus because it is barred by the one-year statute of limitations in 28 U.S.C. § 2254(d)(1)(A). The magistrate judge concluded that the one-year limitations period expired on December 27, 2006. (ECF No. 6 at PageID.90.) The magistrate judge also concluded that Petitioner is not entitled to equitable tolling because he failed to raise basis to support equitable tolling. (*Id.* at PageID.91.) Finally, the magistrate judge concluded that Petitioner failed to establish that he is actually innocent. (*Id.* at PageID.92)

Petitioner has filed Objections to the R & R. After conducting a *de novo* review of the R & R and Petitioner's Objections, the Court concludes that the R & R should be adopted.

In his Objections, Petitioner appears to argue that his petition is timely based on *People v. Lockridge*, 488 Mich. 358, 870 N.W. 2d 502 (2015). To the extent Petitioner argues that his petition is timely under 28 U.S.C. § 2244(d)(1)(C), his argument lacks merit. *Lockridge* did not establish a new rule of constitutional law made retroactive to cases on collateral review by the United States Supreme Court. Rather, *Lockridge* was decided by the Michigan Supreme Court and therefore

cannot trigger the one-year period under § 2244(d)(1)(C). *Henry v. Burt*, No. 1:14-CV-639, 2015 WL 1119759 (W.D. Mich. Mar. 10, 2015).[1]

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's petition as untimely was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 7, 2017 (ECF No. 6) is **APPROVED AND ADOPTED** as the Opinion of this Court. Petitioner's Objections (ECF No. 7) are **OVERRULED**.

---

[1] The petition would be untimely even *if Lockridge* could trigger § 2244(d)(1)(C) because Petitioner filed his petition more than one year after *Lockridge* was issued.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED** because it is barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED**.

This case is **concluded**.


Dated: August 23, 2017                                       /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE